THE PEOPLE OF THE STATE OF NEW YORK ex rel. SHELTON HOLDING CORPORATION, Respondent, *v.* HENRY M. GOLDFOGLE and Others, as Commissioners of Taxes and Assessments of the City of New York, Appellants. (Taxes of 1924.)

First Department, May 6, 1927.

**Taxation — certiorari to reduce assessment of relator's building — order reduced valuation as fixed pursuant to Greater New York Charter, § 889-a, permitting exemption for "building in course of construction, commenced since the preceding first day of October "— building was not ready for occupancy on October 1, 1923 — footings necessary for erection of steel structure completed before October 1, 1922, warrants finding construction had commenced prior to that date — work done in compliance with order of board of health must be regarded as commencement of construction of building prior to October 1, 1922.**

This is a certiorari proceeding to review the action of the commissioners of taxes and assessments of the city of New York in assessing a building in the process of construction. The order appealed from reduces the amount of valuation of improvements as fixed pursuant to the authority of section 889-a of the Greater New York Charter which permits exemptions for "building in course of construction, commenced since the preceding first day of October and not ready for occupancy." The building was not completed on October 1, 1923. The reduction was erroneous. It appears that the relator had a permit prior to the

1st day of October, 1922, to proceed with the foundation work in advance of the approval of the building plans which were finally approved on September 14, 1922. Prior thereto the board of health had issued an order requiring the relator to remove the surface water from the lot which had been excavated by a prior owner. Notwithstanding the fact that the relator acted in compliance with the board of health direction, it nevertheless did erect a part of the foundation of the building prior to October first and the mere fact that it did so to avoid the extra expense incident to erecting the foundation after it complied with the board of health's requirement, does not show that the construction was not commenced before October first.

APPEAL by the defendants, Henry M. Goldfogle and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of October, 1926, reducing the assessment of relator's real property for taxation for the year 1924.

*William H. King* of counsel [*John D. Lyons* with him on the brief; *George P. Nicholson, Corporation Counsel*], for the appellants.

*James M. Vincent* of counsel [*Charles C. Sanders* with him on the brief], for the respondent.

O'MALLEY, J. This is a certiorari proceeding by the relator to reduce an assessment for taxation for 1924 on real property located on the southeast corner of Lexington avenue and East Forty-ninth street in the borough of Manhattan. The property is now improved by a completed building known as the Hotel Shelton. The assessment by the order appealed from has been reduced by the value of the improvements as fixed for the year in question. Such exemption is based on section 889-a of the Greater New York Charter (as added by Laws of 1913, chap. 324) which provides: " A building in course of construction, commenced since the preceding first day of October and not ready for occupancy, shall not be assessed."

As the building was concededly not ready for occupancy on October 1, 1923, the sole question is whether or not its construction had commenced prior to October 1, 1922.

A prior owner had excavated for a proposed structure not at all related to the improvement of this relator but had been forced because of financial difficulties to abandon the work. Upon such abandonment the base of the excavation was left with certain irregularities in which water accumulated. On May 6, 1922, the relator received a notice from the board of health requiring " That all water be removed from the surface of the vacant lot and said lot be kept free from the accumulation of water thereon."

In the same month plans for the proposed hotel had been filed

by the relator with the bureau of buildings. These plans were amended several times but were finally approved and a permit issued September 14, 1922.

Prior thereto, however, the relator did certain work in and about the excavation. Its alleged reason for the commencement thereof was the order of the board of health. It applied for and it received on June 14, 1922, a permit " to proceed with the foundation work in advance of the approval of the building plan."

Thereafter and before October 1, 1922, the relator made further excavation for a swimming pool, constructed three rough cement walls and an inclined floor thereof, and made further excavation for an elevator pit. What is more significant, it constructed, in accordance with the proposed plans and specifications and pursuant to the authority granted by the permit in question, the concrete footings or piers designed to support the steel columns and in some of these footings placed the necessary grillage, *i. e.*, steel " I " beams, bolts and pins. All of the footings necessary for the erection of the steel structure were completed before October 1, 1922.

To escape the obvious conclusion that construction had commenced before October 1, 1922, the relator offered proof tending to show that due to a shortage of structural steel during the summer of 1922, it had no intention of commencing construction until December of that year and that all work done prior to October first was to comply with the order already referred to. It is urged that if it had merely filled in the irregularities it would have had to incur further expense in removing such filling when construction actually commenced. To avoid such expense it placed the footings which could be, and were, used when the steel construction commenced.

It seems to us that with respect to these footings at least, construction had commenced prior to October 1, 1922. That which was a compliance with the order of the board of health was also a commencement of construction of the building. Having avoided the expense of filling in and taking out the filling of the irregularities in the excavation, the relator must now meet the expense entailed by the higher assessment. Granting that the choice was improvident the error was the relator's. The placing of the footings prepared in many instances to receive the steel columns was clearly the commencement of construction of the building. That such footings were a part of the building cannot well be disputed. This conclusion finds further judicial support, inferentially at least, in *People ex rel. N. Y. C. & H. R. R. R. Co. v. Purdy* (216 N. Y. 704). Construction having once commenced, the subsequent interruption here disclosed was immaterial.

The order appealed from should be reversed, with ten dollars costs and disbursements, the writ dismissed, and the assessment confirmed, with costs.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, the writ dismissed and the proceedings confirmed, with costs.